UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STACEY WAITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00208-SNLJ |
| ) | |
| SUN LIFE ASSURANCE COMPANY ) | |
| OF CANADA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Sun Life Assurance Company of Canada's motion to strike "Exhibit A" of plaintiff Stacey Waite's complaint. For the reasons set forth, defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, seeking to recover under the civil enforcement provision of the Employee Retirement Income Security Act," 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), alleges defendant improperly denied her long-term disability benefits under an employee welfare benefits plan administered by defendant. Defendant allegedly denied plaintiff because of its conclusion that plaintiff suffers from a pre-existing condition excluded under the plan's coverages. In filing her complaint, plaintiff attached as "Exhibit A" what appears to be a doctor's letter from Saint Francis Healthcare System whereby the undersigned doctor concludes plaintiff's "pain was not a preexisting condition." (#1, p. 5). Plaintiff explains in the complaint that she tried to proffer Exhibit A to defendant on

1

May 23, 2018—prior to the filing of this case—to show that her condition was not a pre-existing one, however "[defendant] rejected the additional medical evidence and stated that the administrative record and administrative appeal was final on October 6, 2017."

Defendant's pending motion to strike essentially repeats the same reasoning for refusing to consider Exhibit A prior to suit, arguing Exhibit A is not part of the administrative record and therefore cannot and should not be considered. Plaintiff, in turn, repeats her belief that defendant—and, now, this Court—must consider Exhibit A as it "clarifies" the record. Plaintiff suggests such clarification indicates "good cause" exists for which this Court could consider Exhibit A notwithstanding the general rule that ERISA cases at the district court level are limited to a review of the administrative record.

## II. ANALYSIS

The case law is clear that "judicial review of an administrator's decision is typically limited to examining the administrative record created during the administrative process." *Carr v. Anheuser-Busch Companies, Inc.*, 495 Fed.Appx. 757, 764 (8th Cir. 2012); *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 811 (8th Cir. 2007) (accord); *see also Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) ("evidence gathering is ruled out on deferential review, and discouraged on *de novo* review"). In the recent case of *Cooper v. Metropolitan Life Ins. Co.*, for example, the Eighth Circuit held that a district court did not err when excluding affidavits prepared by plaintiff's doctors at the summary judgment stage where such affidavits had not been before the plan administrator. *See* 862

F.3d 654, 661 (8th Cir. 2017) ("When an administrator's benefits determination is review for abuse of discretion, the scope of review is limited to the evidence that was before the administrator" (internal quotations omitted)). And the Eighth Circuit has recently stated, quite plainly, that "[w]hen applying abuse-of-discretion review, a court reviewing a denial of benefits should not consider information that was not before the plan administrator." *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 549 (8th Cir. 2017).

Plaintiff has done nothing to explain why cases like *Cooper* and *Jones* should not be followed here. Rather, plaintiff—citing *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan*, 476 F.3d 626 (8th Cir. 2007)—summarily concludes in a two-page responsive memorandum that she "has met her burden of good cause" to bypass the general rule otherwise excluding evidence outside the administrative record. Such matter-of-fact conclusions do not suffice to overcome the contrary mandates of *Cooper* and *Jones*. Moreover, *Rittenhouse* does not actually support plaintiff; rather, in that case, the Eighth Circuit found the district court had abused its discretion in admitting supplemental records because plaintiff failed to offer a reasonable explanation as to why he could not have timely provided those records (including a doctor's letter similar to the one involved in this case) to the administrator prior to its final determination. *Id*. at 630-631. The only reason proffered by plaintiff, here, is that she did not realize the need for Exhibit A "until after the defendant made its decision." According to plaintiff's complaint, Exhibit A is intended to show that her condition is not a pre-existing one despite defendant denying her multiple times in finding that she has a pre-existing condition. Nothing barred plaintiff, as far as this Court can tell, from offering Exhibit A to defendant during her

3

administrative appeal. *See* 29 C.F.R. § 2560.503-1(h)(2)(iv) (requiring an administrative appeal to include the opportunity to submit additional documents or records that must be considered regardless of whether they were proffered or otherwise considered during the initial benefit determination). Simply put, the excuse that a plaintiff did not realize a document was important until at least the third period of review (i.e. this Court's review of the administrative appeal decision) is not the type of excuse envisioned by *Rittenhouse* as being "good cause." If that excuse were the standard—a late revelation of a document's importance seemingly manufactured only to disagree with an appeal decision—the "good cause" exception would swallow whole the general rule limiting review to the record before the plan administrator. *See Rittenhouse*, 476 F.3d at 630-631 (noting plaintiff did not provide a sufficient excuse as to why he was *prevented* from proffering evidence to the administrator before the administrative appeal was finalized).

This Court finds plaintiff's matter-of-fact excuse to be insufficient and, therefore, will strike Exhibit A from the record before it.

### III. CONCLUSION

For the reasons stated,

**IT IS HEREBY ORDERED** that defendant's motion to strike (#5) is **GRANTED**. Exhibit A of the complaint (#1) is hereby **STRICKEN** from the record.

So ordered this 24th day of October 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE